JUSTICE McDONOUGH,
dissenting:
The fourth requirement of the Just rule (See State v. Just (1979), 184 Mont. 262, 602 P.2d 957) relative to the admissibility of evidence of other crimes, wrongs or acts has by the majority opinion lost practically all of its usefulness. Such requirement is as follows: “the probative value of the evidence is not substantially outweighed by the prejudice to the defendant.” Just, 602 P.2d at 961.
Here the defendant was charged with deliberate homicide of the woman he lived with by shooting her five times with a rifle. It is the relationship of this charge with the testimony of the witnesses Alane Shuster, Shelly Birky, and Kathryn Jinx Kinslow which is in question.
Their testimony relative to the other requirements of Just is questionable; for example, similarity of crime or acts. However, allowing Alane Shuster to testify to the defendant’s placement of the potatoes, a sexually perverted attack, is practically a guarantee of the criminality of the defendant’s character, his loathsomeness and his fitness for conviction of the crime charged. The same can be said of the testimony of Shelly Birky as to the act of rape. The testimony as to such physical assaults on Ms. Shuster and Birky, should have been at the very least limited in detail to lessen the extreme prejudicial effect. Evidence admitted under the Just rule is by its nature somewhat prejudicial and should be carefully weighed as to its probative value. In essence Rule 404(b), provides that evidence of other crimes, wrongs or acts is not admissible to show character of a defendant. The reason for this rule is that the jury should judge the defendant on the facts and law relevant to the actual crime charged and not on his character traits or that he is a “bad man”. I would reverse and remand for a new trial.
JUSTICES HUNT and SHEEHY concur in the foregoing dissent.